**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| TREMESHIA REECE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:20-cv-04137 |
| PREMIERE CREDIT OF NORTH AMERICA, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes TREMESHIA REECE ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of PREMIERE CREDIT OF NORTH AMERICA, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides within the Southern District of Texas, Defendant conducts business within the Southern District of Texas,

and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

**PARTIES**

4.   Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), over 18 years of age.

5.   Defendant is a third-party debt collector whose stated mission is "to maximize our clients' revenues through incorporating customer service-focused recovery solutions backed by industry-leading technology."[1] Defendant is a limited liability company organized under the laws of the state of Indiana with its principal place of business located at 2002 Wellesley Blvd, Indianapolis, Indiana 46219.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party contractors, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8.   The instant action stems from Defendant's attempt to collect upon a debt ("subject debt") Plaintiff is alleged to owe Santander Consumer USA ("Santander").

9.   Upon information and belief, given the nature of Santander's business as a provider of automobile financing to consumers, the subject debt was incurred by consumers for such consumers' personal purposes.

10.   On or about November 13, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter attempting to collect upon the subject debt.

---

[1] https://www.premierecredit.com/about-us/default.aspx

2

11.   Defendant's collection letter reflected that the "Total Principal Due" is $11,895.79, further providing Plaintiff with a settlement offer of $2,974.00 that would expire on December 28, 2020.

12.   Plaintiff became confused and emotionally distressed by Defendant's collection letter and its demand for payment, as she did not owe the subject debt.

13.   Specifically, the last debt collector that attempted to collect on the subject debt provided Plaintiff with documents regarding the subject debt, which evidenced that Plaintiff has no obligation on the subject debt and that it was instead incurred by an individual with a name similar to, but clearly distinct from, Plaintiff's.

14.   Plaintiff was concerned and confused by Defendant's collection letter, as she was falsely, deceptively, and misleadingly led to believe that she owes the subject debt, when in fact she does not.

15.   Defendant's collection letter harassingly, falsely, deceptively, misleadingly, and unfairly attempted to collect a debt from Plaintiff, despite Plaintiff's complete lack of obligation in connection with the debt serving as the basis of Defendant's collection efforts.

16.   Frustrated, distressed, and bothered over Defendant's conduct, Plaintiff spent time conferring with counsel regarding Defendant's collection efforts, resulting in lost time and resources.

17.   Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to emotional distress stemming from being sought after in connection with a debt she does not owe, aggravation that she was subjected to collection efforts for a debt she did not owe, lost time addressing Defendant's unlawful collection efforts, as a well as violations of her state and federally protected interests to be free from harassing, deceptive, and misleading debt collection communications.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d

23. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

24. Defendant violated § 1692d through the nature of its collection efforts directed towards Plaintiff. Despite Plaintiff having no obligation on the subject debt, Defendant attempted to collect the subject debt from Plaintiff. Subjecting an innocent consumer to collection efforts on a debt she does not owe is inherently conduct which would have the natural consequence of harassing, oppressing, and abusing any person, and Plaintiff was in fact harassed, oppressed, and abused via Defendant's efforts to collect a debt from her which she does not owe.

### b. Violations of FDCPA § 1692e

4

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. Defendant violated § 1692e, e(2), and e(10) when it attempted to collect upon a debt which Plaintiff does not owe. It was a false representation as to the character of the subject debt to suggest that Plaintiff owed the debt, even though she did not. Plaintiff was harmed by Defendant's false representations as she experienced emotional distress and aggravation dealing with a debt collector attempting to collect a debt she does not owe.

**c. Violations of FDCPA § 1692f**

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1) further prohibits "[a]ttempt[s] to collect any amount not authorized by the agreement creating the debt or permitted by law."

29. Defendant violated § 1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt that Plaintiff does not owe. Defendant's collection efforts were unlawful and unsupported by any contractual provision, underscoring Defendant's unfair and unconscionable attempts to collect a debt from an innocent consumer.

WHEREFORE, Plaintiff, TREMESHIA REECE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

32. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

33. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a. Violations of TDCA § 392.304**

34. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

35. Defendant violated the above referenced portions of the TDCA when it attempted to collect upon a debt which Plaintiff does not owe. Through its collection letter, Defendant misrepresented the character, extent, and amount of Plaintiff's purported obligation on the subject debt. Such

6

conduct similarly constitutes the utilization of false representations and deceptive means made during Defendant's attempts to collect upon a debt.

WHEREFORE, Plaintiff, TREMESHIA REECE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated:  December 4, 2020                    Respectfully submitted,

                                            s/ Nathan C. Volheim
                                            Nathan C. Volheim, Esq. #6302103
                                            Counsel for Plaintiff
                                            Admitted in the Western District of Texas
                                            Sulaiman Law Group, Ltd.
                                            2500 South Highland Ave., Suite 200
                                            Lombard, Illinois 60148
                                            (630) 568-3056 (phone)
                                            (630) 575-8188 (fax)
                                            nvolheim@sulaimanlaw.com